NORTHWESTERN TERRA COTTA COMPANY, Respondent, *v.*
J. F. STARKEY & COMPANY, INC., Appellant.

First Department, March 8, 1918.

Sale induced by alleged fraudulent representations — rescission —
action for amount paid — examination of defendant before trial.

Where the complaint alleges that the plaintiff purchased a quantity of
graphite from the defendant in reliance upon representations as to quality
by the defendant's president, which representations were false, and that
the plaintiff has rescinded the contract after inspection of the graphite,
and is entitled to the return of the amount paid, it states two causes of
action, one on the theory that the alleged false representations were
made to another with the intention that they should be reported to and
acted upon by the plaintiff, and the second on the theory that the sale
was made to the other person and that he had transferred all his rights
to the plaintiff. An order for the examination of the defendant before
trial should be limited to the subject of the ownership of the graphite,
the place where produced, its quality, kind and cost and to inquiries
as to the alleged false representations.

APPEAL by the defendant, J. F. Starkey & Company,
Inc., from an order of the Supreme Court, made at the New York
Special Term and entered in the office of the clerk of the
county of New York on the 15th day of January, 1918, as
resettled by an order entered in said clerk's office on the 6th
day of February, 1918, denying defendant's motion to vacate
an order for the examination of the defendant before trial
and for the production of its books and papers.

*Minturn de S. Verdi* of counsel [*Chadbourne, Hunt &
Jaeckel*, attorneys], for the appellant.

*Roger Foster*, for the respondent.

DAVIS, J.:

It is alleged in the amended complaint that plaintiff pur-
chased a quantity of graphite from the defendant in reliance
upon representations as to the quality of the graphite by the
president of the defendant; that these representations were
false; that the plaintiff had rescinded the contract after
inspection of the graphite and that plaintiff was entitled to the
return of the amount paid for the graphite.

Two causes of action are stated, one on the theory that

the alleged false representations were made to one Beebe with the intention that they should be reported to and acted upon by the plaintiff, and the second on the theory that the sale was made to Beebe and that Beebe had transferred all his rights to the plaintiff.

The order is too general in its provisions. It should be modified by limiting the examination to the subject of the ownership of the graphite, the place where produced, its quality, kind and cost, and to inquiries as to the alleged false representations.

The order as thus modified is affirmed, with costs to the appellant.

CLARKE, P. J., SCOTT, SMITH and SHEARN, JJ., concurred.

Order modified as stated in opinion and as modified affirmed, with ten dollars costs and disbursements to appellant. Order to be settled on notice. Motion for stay denied and stay vacated.